**In re Neil SCHAFER, Debtor.**

**Jeffry Locke, Trustee,
Plaintiff/Appellee,**

v.

**Neil Schafer, Defendant/Appellant.**

**No. C 02–5584 SI.**

United States District Court,
N.D. California.

May 14, 2003.

Richard V. Day, Law Offices of Richard V. Day, Napa, CA, for Appellant.

Ray H. Olmstead, Attorney at Law, Santa Rosa, CA, for appellee.

Alan Jaroslovsky, Santa Rosa, CA, pro se.

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

ILLSTON, District Judge.

Now before the Court is appellant Neil Schafer's appeal from the denial of discharge of his debts in bankruptcy through the grant of summary judgment to Trustee Jeffry Locke by the United States Bankruptcy Court, the Honorable Alan S. Jaroslovsky, presiding. This Court has jurisdiction under 28 U.S.C. § 158(a). Upon careful consideration of the papers submitted, the Court AFFIRMS the decision of the bankruptcy court for the reasons discussed below.

## BACKGROUND

Neil Schafer owned and operated World R.V., a sole proprietorship, until January 2001, when he formed Schafer RV, LLC. Transamerica Commercial Finance Corporation provided a "flooring" line of credit to Schafer's World R.V. Following the establishment of the LLC, Schafer sought to transfer this line of credit to the LLC. According to Schafer, due to the lag time associated with securing financing for the LLC, Schafer was unable to maintain financial solvency.

Schafer defaulted in making payments to Transamerica, and on October 2, 2001, Transamerica obtained an ex parte writ of attachment against Schafer and attached the funds in Schafer's Vintage Bank Account. Schafer opened a new account at Mechanic's Bank on October 16, 2001 and deposited $75,000 into this account. Schafer continued to make additional deposits to this account throughout the period prior to filing for bankruptcy.

In deposition testimony, Schafer stated that he opened the new account at Mechanics Bank because Transamerica previously attached his old account. *See* Exh. E 2004 RT 14:3–8. Schafer stated that he used the money in the new account to pay his creditors on a pro rata basis. RT at 27:4–17. Schafer further stated that he held money in the form of cashier's checks to keep it from being attached by Transamerica. Exh. E. at 44:1–5. All of these activities occurred between October 2001 and December 2001.

Schafer filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on December 31, 2001. On June 25, 2002 Trustee Jeffry Locke filed a complaint asking the Bankruptcy Court to deny discharge, arguing that Schafer was not entitled to discharge because he transferred his assets for the purpose of avoiding his creditor, Transamerica, less than one year prior to filing for bankruptcy, in contravention of 11 U.S.C. § 727(a)(2)(A).

Locke filed a summary judgment motion which was granted by the Bankruptcy Court on November 7, 2002. Judge Jaroslovsky held that § 727(a)(2)(A) of the Bankruptcy Code prohibited the discharge of debts through bankruptcy to Schafer because Schafer was a debtor who, less than one year prior to filing for bankruptcy transferred funds to "hinder, delay or defraud creditors." *See* Exh. K, Memorandum on Motion for Summary Judgment

dated October 29, 2002, and Exh. L Order Granting Motion for Entry of Summary Judgment, dated November 7, 2002. The court's Memorandum states: "Schafer's testimony is full of frank, damning admissions." The court cited one example illustrative of these "damning admissions":

Q. So because they were trying to attach your funds, when you got money in, you put it in to the Mechanics Bank and you took it out in the form of a cashier's check to keep it from being garnished or attached?

A. Correct.

Memorandum at 2.

The Court further stated:

Perhaps the most persistent myth in insolvency law is that it is legitimate for a debtor to play cat-and-mouse games with a creditor so long as the debtor's overall intent is to pay his creditors as a whole. If § 727(a) referred to intent to hinder "creditors," then this sort of intent would indeed be a defense. However, a discharge is to be denied any debtor who has hindered "a creditor." Once property is concealed from a single creditor, the debtor has lost his discharge. It is no defense that he intended to use the concealed funds to pay other creditors or that his estate as a whole was not diminished.

Memo. at 2:10–16.

The Bankruptcy Court decided that because plaintiff admitted that his intent was to prevent Transamerica from attaching his bank account so that he could pay his other creditors on a pro rata basis, there were no genuine issues of material fact. Plaintiff argued to the Bankruptcy Court that if a jury found that the reason plaintiff transferred funds was to ensure that those funds were available to pay other creditors, a jury could find that plaintiff did not violate 11 U.S.C. § 727(a)(2)'s prohibition against transferring funds to

evade creditors. The Bankruptcy Court held that plaintiff's position was incorrect as a matter of law. The court found, instead, that even if plaintiff's intent was to distribute his remaining funds on a pro rata basis, any stated intent to evade a particular creditor, regardless of whether that evasion is undertaken to pay other creditors, is a violation of 11 U.S.C. § 727(a)(2). Thus, the court held that because plaintiff admitted having the requisite intent there were no genuine issues of material fact, and the Court entered judgment denying the discharge of bankruptcy to Schafer. See Exh. M, Judgment Denying Discharge, entered on November 8, 2002.

Schafer timely appealed that decision. On appeal, Schafer claims the Bankruptcy Court erred by deciding as a matter of law that Schafer transferred property under circumstances prohibited by the Bankruptcy Code—to hinder a creditor. Schafer argues that his intent is a question of fact which should have been presented to a jury. Schafer argues that because his intent was to pay as many of his creditors as possible, he did not have the requisite intent required for denial of discharge. Appellant's Opening Brief at 5:26–27.

## LEGAL STANDARD

Grants of summary judgment by the bankruptcy courts are subject to *de novo* review. *In re United Energy Corp.,* 102 B.R. 757, 760 (9th Cir. BAP 1989). "Findings of fact made in summary judgment proceedings are not entitled to the 'clearly erroneous' standard of review because the trial court has not weighed the evidence in the conventional sense." *Id.*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548.

The burden then shifts to the nonmoving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Rule 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

### 1. Schafer's argument on appeal

Schafer argues on appeal that no prohibited "transfer" of funds occurred within the meaning of the Bankruptcy Code under 11 U.S.C. § 101(54) because the placement of money in the Mechanics Bank Account was not a "disposing of or parting with property or an interest in property." Schafer argues that because the money placed in the Mechanics' Bank Account was not "concealed" and the money re-

mained susceptible to attachment, the assets available to creditors were not reduced. Schafer then argues that 11 U.S.C § 727(a)(2) was not violated because the assets available to creditors were not reduced by the transfer.

Schafer argues that his circumstances are distinguishable from the cases cited by appellee in which courts found that asset transfer violated the Bankruptcy Code. Chiefly, Schafer argues that because he merely took actions to prevent one creditor from attaching his funds so that he could pay all of his other creditors, he should not be prevented from discharging his debts through bankruptcy. Appellants' Opening Br. at 4:3–15.

### 2. Locke's response

Appellee argues that the facts show a clear intent to hinder creditors. Appellee argues that the focus of Schafer's argument on the exculpatory reasons for his actions is misguided. Appellee argues that a debtor who intended to prevent even one creditor from attaching funds is prohibited from discharging his debts through bankruptcy.

### 3. Analysis

█ Schafer's stated plainly in his deposition that his intent was to prevent Transamerica, his creditor, from attaching his funds by placing them in a new account and holding money in cashier's checks. That plaintiff opened the new account for the alleged purpose of paying off other creditors is unavailing. Denial of discharge is generally disfavored under the liberal rules that attach to a debtor's right to discharge his debts through bankruptcy and intent to defraud is generally a question of fact for the jury. Nonetheless, where as here, the requisite intent was admitted through direct and unrebutted

evidence, there are no issues of material fact for trial. Accordingly, this issue was appropriate for disposition by the Court as a matter of law. *See In re Kontrick*, 295 F.3d 724, 737 (7th Cir.2002).

■ The wording of the bankruptcy statute is clear: 11 U.S.C. § 727(a)(2)(A) precludes discharge where the debtor, "with intent to hinder, delay, or defraud a creditor ... has transferred ... property of the debtor, within one year before the date of the filing of the petition ..." Plaintiff commenced the bankruptcy action on December 31, 2001 (Compl. at ¶ 3), held funds in the form of cashier's checks in October, 2001 and transferred funds in October, 2001 (Exh. B to the Olmstead Decl.). Thus, this Court finds that the Bankruptcy Court's interpretation of 11 U.S.C. § 727(a)(2)(A) to prohibit transfer of funds for the purpose of hindering attachment to be correct as a matter of law, regardless of whether Schafer's intention was to pay his other creditors.

> In keeping with the "fresh start" purposes behind the Bankruptcy Code, courts should construe Sec. 727 liberally in favor of debtors and strictly against parties objecting to discharge.... Denial of discharge, however, need not rest, on a finding of intent to defraud. Intent to hinder or delay is sufficient.

*In re Bernard*, 96 F.3d 1279, 1282 (9th Cir.1996).

In *In re Adeeb*, 787 F.2d 1339 (9th Cir. 1986), the court rejected similar arguments to those presented by Schafer. Adeeb, the debtor, argued that the bankruptcy court erred in denying discharge of his claims on the grounds that he hindered a creditor because his intentions were to protect his property from one creditor for the benefit of other creditors. The court held that Adeeb's intent to protect other creditors was not relevant to the question of whether he acted to hinder a particular creditor.

Adeeb is also mistaken in his assertion that he lacked actual intent because he intended to protect some of his creditors. Our inquiry under § 727(a)(2)(A) is whether Adeeb intended to hinder or delay a creditor. If he did, he had the intent penalized by the statute notwithstanding any other motivation he may have had for the transfer.... Further, the statute requires only that the debtor make the transfer with intent to hinder, delay or defraud "a creditor." There is no requirement that the debtor intend to hinder all of his creditors.

*Id.* at 1343.

■ As the *Adeeb* decision makes clear, withholding funds from one creditor to pay another, does not absolve the debtor of the violation of § 727(a)(2)(A) that he has committed.

■ Next this Court must determine whether opening the new account and placing funds in that account was a "transfer" within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(54). Schafer argues that opening a new account was not a prohibited transfer because the funds remained in his possession. In *Bernard*, the debtor argued that its withdrawal of funds from its bank accounts to fend off its creditors were not transfers, within the meaning of the Bankruptcy Code. The Court rejected that argument, citing the broad wording of "transfer" in the Bankruptcy Code. *Id.* at 1282.

At § 101(54), the Bankruptcy Code defines "transfer" as follows:

> "[T]ransfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property.

There is no ambiguity around the definition of transfer, deposits in bank accounts clearly qualify.

 "Denial of discharge is a harsh result. However, bankruptcy has its roots in equity. To get equity, one must do equity." *In re Bernard*, 96 F.3d at 1283. Accordingly, Schafer, having transferred funds less than one year prior to filing for bankruptcy, with the intent to hinder Transamerica from collecting on Schafer's debts, is barred from discharging his debts through bankruptcy.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the decision of the Bankruptcy Court. [docket # 6]

**IT IS SO ORDERED.**